IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01888-GPG

**DION ANTHONY**,

    Applicant,

v.

**RICK RAEMISCH**,

    Respondents.

---

## ORDER OF DISMISSAL

---

Applicant Dion Anthony is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Colorado State Penitentiary in Canon City, Colorado.  Applicant, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  Applicant was granted leave to proceed pursuant to 28 U.S.C. § 1915.

On August 1, 2015, Magistrate Judge Gordon P. Gallagher directed Respondent to file a Preliminary Response to the Application that addresses the affirmative defenses of timeliness and exhaustion of state court remedies.  On October 1, 2015, Respondent filed a Preliminary Response, ECF No. 9.  Applicant has not replied to the Preliminary Response.  The Court, therefore, will proceed to address the affirmative defenses raised by Respondent.

The Court must construe the Application liberally because Applicant is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's

advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Mr. Anthony seeks habeas relief on three grounds: 1) deprivation of his freedom due to the alleged withholding of earned time and good time deductions from his sentence for purposes of calculating his parole eligibility; 2) the Colorado Department of Corrections' (CDOC's) alleged theft of money from his inmate account due to statutorily authorized withdrawals for purposes of paying restitution, fines, or court fees; and 3) "undue duress" arising from a "depriv[ation] of such essential natural acts of intimacy" by way of an inability to possess "adult entertainment material."

Applicant also attached grievances he filed with respect to his first two claims. In response to his first claim, the CDOC informed him that, pursuant to Administrative Regulation 850-04, time/sentence computation is not an issue that can be reviewed through the grievance process. CDOC addressed his second issue on the merits. He did not attach any grievances with respect to his third issue.

A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is only available to a prisoner challenging the fact of his confinement as a violation of the Constitution or laws or treaties of the United States. Plaintiff's second and third claims do not relate to his confinement. Rather, they relate to the conditions of his confinement. Thus, an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is not the proper vehicle for bringing his claims. If he wishes to pursue such claims, he must file a prisoner civil rights complaint on the proper court-approved form raising his claims.

Respondent argues that the Application should be denied because Applicant has failed to exhaust his state remedies regarding his first issue of time computation.

Respondent has provided the state court register for Applicant's criminal case and the search results of appellate court records for any appeals that Applicant may have filed. None of the records provided by Respondent indicate Applicant has filed a state court action regarding his time computation issue.

A habeas petitioner seeking relief under 28 U.S.C. § 2241 is required to exhaust available state remedies.  *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)); *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002).  Like other habeas applicants, a § 2241 applicant fulfills the requirement to exhaust state remedies once the issue has been "fairly presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002).  This requirement is satisfied if the federal issue has been properly presented to the highest available state court.  *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.  *Picard*, 404 U.S. at 278; *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus applicant to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*).  A claim

3

must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (*per curiam*).

"A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his . . . claims through one 'complete round of the State's established appellate review process.' " *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

Colo. Rev. Stat. § 13-45-101(1) permits any person detained for a criminal matter to apply to the supreme or district courts for a writ of habeas corpus. The state court shall award the writ of habeas corpus if the petition and supporting documents demonstrate that the habeas petitioner is being wrongfully withheld.

Additionally, Rule 35(c) of the Colorado Rules of Criminal Procedure permits persons to seek relief from the sentencing court on the ground that they have a right to be released because their sentence has been fully served. *See* COLO. CRIM. P. 35(c)(2)(VII), (3); *see also Vasquez v. Sloan*, Civil No. 10-02233, at *4-5 (D. Colo. Dec. 3, 2010) (unpublished) (identifying Colo. Crim. P 35(c) as potential available state court remedy for the denial of earned time credits).

Applicant has not filed a petition for habeas relief in state court under Colo. Rev. Stat. § 13-45-101. Although he did file a Colo. Crim. P. 35(c) Petition for Post-Conviction Relief, he has not exhausted his state court remedies. The Petition, which was filed with the sentencing court on December 10, 2014, does not concern any withholding of earned time or good time credits; rather, it is a collateral attack upon his criminal judgment (ECF No. 9-2, p. 3). Moreover, that Petition remains pending before the sentencing court. To have properly presented his claim, a petitioner must have

4

presented his claim through one "complete round of the State's established appellate review process."  *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (citations and internal quotation marks omitted).

Applicant has failed to respond to the affirmative defense raised in this action, and nothing he asserts in the Application demonstrates that he has exhausted all available state court remedies.  Presenting a claim in a procedural context in which its merits will not be considered does not constitute "fair presentation."  *Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Therefore, the action will be dismissed for failure to exhaust state remedies and for containing claims not appropriate for habeas corpus relief.

Section 2253 of the Habeas Corpus Statute provides the standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."

In *Slack v. McDaniel*, 529 U.S. 473 (2000) the Supreme Court held that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable whether dismissal of the petition for failure to comply with the exhaustion requirement was correct.  Accordingly, a certificate of appealability will be

denied.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.    Accordingly, it is

**ORDERED** that claims two and three of the Application (ECF No. 1) are **DISMISSED WITHOUT PREJUDICE** for lack of federal habeas corpus jurisdiction.  It is

**FURTHER ORDERED** that the claim one of the Application is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies before pursuing a federal habeas corpus action.  It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied.  It is

**FURTHER ORDERED** that a certificate of appealability is **DENIED**.

DATED December 29, 2015, at Denver, Colorado.

> BY THE COURT:
>
>   s/Lewis T. Babcock
> LEWIS T. BABCOCK, Senior Judge
> United States District Court